**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:   Civil Action No. 16-7089 (FLW)(LHG)
JENNIFER REBECCA NAIMO and            :
VINCENT DAVID NAIMO,                  :
:   **OPINION**
Appellants,        :
:
v.                                    :
:
US BANK, *as Trustee for Asset Backed*  :
*Securities Corporation Home Equity Loan* :
*Trust, Series OOMC 2006 HE3, Asset*    :
*Backed Pass-Through Certificates,*     :
*Series OOMC 2006-HE3*, and OCWEN     :
LOAN SERVICING, LLC,                  :
:
Defendants.        :
_____ :

**WOLFSON, United States District Judge**:

      Appellants Jennifer Rebecca Naimo and Vincent David Naimo ("Appellants") appeal the September 27, 2016 Order of the Bankruptcy Court of the District of New Jersey, Judge Christine Gravelle presiding, granting Appellee US Bank ("US Bank" or "Appellee") relief from the automatic stay imposed pursuant to 11 U.S.C. § 362. Appellants argue that Appellee lacked standing to request relief from the automatic stay because the chain of assignments establishing Appellee's interest in Appellants' mortgage was invalid. This Court has jurisdiction over the present appeal pursuant to 28 U.S.C. § 158(a)(1). For the reasons that follow, Appellants' appeal is dismissed as moot.

I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

      Appellants owned real property located at 66 Potter Road in Freehold, New Jersey ("the Property"). On December 16, 2005, Appellants signed a promissory note for $725,265.00 and,

1

to secure repayment of the loan, granted a mortgage on the Property to Option One Mortgage Corporation. Appellants' Appendix ("App.") at pgs. 94-97. On April 1, 2006, the mortgage was assigned to Appellee, US Bank. App. at pgs. 318-320. Appellants defaulted on their loan on June 1, 2011. App. at pg. 93. As of the date of the present appeal, Appellants have not made any payments since the original default. On January 25, 2012, US Bank recorded the 2006 assignment of Appellants' mortgage with the Recorder of Deeds of Monmouth County, New Jersey. App. at pgs. 318-320.

On June 30, 2016, Appellants filed a Voluntary Chapter 7 Petition. App. at pg. 111. In their Bankruptcy Schedules, Appellants stated their intent to surrender the Property. App. at pg. 63. On the same date, pursuant to 11 U.S.C. § 362, an automatic stay was entered affecting all legal actions concerning the property of the Appellants' bankruptcy estate. On July 27, 2016, US Bank filed a Motion for Relief from the automatic stay. App. at pg. 82. On August 17, 2016, the Trustee, Barry W. Frost, filed a Notice of Proposed Abandonment. App. at pg. 333. Appellants did not object to the abandonment, and, on September 15, 2016, the Trustee filed a Certificate of No Objection. App. at pg. 334.

On September 28, 2016, the Bankruptcy Court ruled in favor of US Bank on its motion, granting US Bank relief from the automatic stay on actions concerning the Property. App. at pg. 357. The Bankruptcy Court's written order (App. at pgs. 329-30) does not set forth the Court's reasoning for granting relief from the stay. At the hearing on September 27, 2016, however, Judge Gravelle stated on the record "that the trustee has abandoned the property and the debtor has signed his statement or their statement of intention that they intend to surrender the property. And there's…no equity in the property. There's no reason to hold up any proceeding by the mortgage company in this Court." As to the merits of the Appellants' claim, the Bankruptcy

2

Court determined that any action to determine the validity of the mortgage assignments was "to be taken in the State Court" and addressed through "discovery in the State Court". App. at pgs. 358-59. On October 11, 2016, the Debtors filed a Notice of Appeal in this Court.

On appeal, Appellants argue that Appellee lacked the requisite standing to obtain relief from the § 362 automatic stay because the assignment of Appellants' mortgage to US Bank was invalid. They argue that, in the absence of a proper assignment, US Bank was not a proper party in interest capable of requesting relief from the stay and that US Bank's possession of the promissory note is not legally sufficient to establish valid possession of the mortgage. More specifically, Appellants assert that the Bankruptcy Court erred by failing to find the specific chain of assignments of their mortgage leading to US Bank — thereby establishing US Bank's financial interest in Appellants' bankruptcy estate and standing to request relief from the automatic stay — *before* lifting the stay. Appellants argue that the Bankruptcy Court should not have left that issue for resolution in state court.

In opposition, Appellee presents three arguments. First, Appellee asserts that the appeal is moot because the Property was abandoned by Appellants' bankruptcy estate prior to the filing the present appeal. Appellee argues that this Court cannot effectively grant relief to the Appellants because, in failing to object to the Trustee's Notice of Abandonment and subsequent Certificate of No Objection, Appellants allowed the Property to pass out of the bankruptcy estate and therefore also out of the coverage of the automatic stay. Second, Appellee argues that in stating their intent to surrender the Property in their Bankruptcy Schedules, Appellants forfeited their right to enforce the underlying promissory note and challenge the assignment of the mortgage, both before the Bankruptcy Court and before this Court on appeal. Appellee contends that, pursuant to 11 U.S.C. § 521(a)(2)(A), Appellants had thirty days following the filing of

3

their Petition to state their intention to either retain or surrender any property of the estate, and that because Appellants stated their intention to surrender the Property and did not alter that statement within the statutory period, Appellants forfeited their right to challenge the disposition of the Property by questioning either the validity of the note or mortgage assignment. Third and finally, Appellee argues that the Bankruptcy Court properly granted US Bank relief from the automatic stay on the merits because the note and mortgage in question were properly assigned to US Bank.

Because the present appeal is moot, the Court will not proceed to the consideration of the parties' other arguments.

II. STANDARD OF REVIEW

Article III of the Constitution limits the federal courts to adjudication of actual, ongoing "[c]ases" and "[c]ontroversies." U.S. Const. art. III, § 2, cl. 1. *"*The 'case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.'" *Keitel v. Mazurkiewicz*, 729 F.3d 278, 279 (3d Cir. 2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). "'[I]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.'" *Id.* at 280 (quoting *Blanciak v. Allegheny Ludlum Corp.,* 77 F.3d 690, 698–99 (3d Cir. 1996)). "'[T]he central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief.'" *Am. Bird Conservancy v. Kempthorne*, 559 F.3d 184, 188 (3d Cir. 2009) (quoting *In re Surrick,* 338 F.3d 224, 230 (3d Cir. 2003)). *See also Whiting v. Krassner*, 391 F.3d 540, 544 (3d Cir. 2004) ("'[u]nder Article III of the Constitution, this Court has no authority to give opinions upon moot questions or abstract

propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'") (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992)) (internal quotation marks omitted). Therefore, as in all cases, a bankruptcy appeal becomes moot after an event occurs during the underlying bankruptcy proceedings that prevents the court from effectively granting the relief sought. *See, e.g.*, *In re Biggs*, 271 F. App'x 286, 288 (3d Cir. 2008) (citing *Rendell,* 484 F.3d at 240) (where the court concluded that the trustee's treatment of a lease constituted abandonment, it was "quite clear that the automatic stay no longer is . . . in effect and the appeal therefore is moot inasmuch as the only relief the Authority seeks on this appeal is reinstatement of the Bankruptcy Court's order granting relief from the automatic stay.").

III. ANALYSIS

In this case, the Court is unable to grant the relief sought by Appellants — reversal of the Bankruptcy Court's order granting US Bank relief from the automatic stay and reinstitution of the automatic stay as applied to the Property at least until such time as the Bankruptcy Court rules on the validity of the chain of assignments connecting the original mortgage holder to US Bank — because the Property was not part of Appellants' bankruptcy estate, and therefore was not subject to the automatic stay, at the time that the Bankruptcy Court entered its order. Accordingly, because reversal of the Bankruptcy Court's order would not reinstate the stay concerning the Property, and, indeed, the Property has passed outside the jurisdiction of the Bankruptcy Court completely, the issues raised on appeal are moot; there is simply no case or controversy for this Court to decide.

In bankruptcy proceedings, any "property of the estate" is protected by an automatic stay, denying creditors the ability to repossess assets or launch any legal action against the property

5

outside of the bankruptcy proceeding. *In re St. Clair & Karen M. St. Clair*, 251 B.R. 660 (D.N.J. 2000); 11 U.S.C. § 362(a). The stay "continues until such property is no longer property of the estate." 11 U.S.C 362(c)(1). When Appellants filed their Chapter 7 Bankruptcy Petition on June 30, 2016, an automatic stay was entered, pursuant to 11 U.S.C. § 362, governing all property of the Naimos' estate, including the Property. The automatic stay halted any judicial proceedings, repossession actions, and any other legal actions by Appellee against the Property. On August 17, 2016, however the estate's Trustee filed an 11 U.S.C. § 554 Notice of Proposed Abandonment regarding the Property. § 554(a) enables a trustee to "abandon" — release or remove from the estate — property "that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Once a Notice of Proposed Abandonment has been served. "A party in interest may file and serve an objection within 14 days of the mailing of the notice, or within the time fixed by the court." Fed. R. Bankr. P. 6007. Here, Appellants failed to object within the required period, and so the Trustee filed a Certificate of No Objection to the abandonment on September 15, 2016. App. at pgs. 333-34. The abandonment became effective on September 15, 2016. The Bankruptcy Court's order, lifting the stay on the Property was not entered until September 27, 2016.

      Although the Third Circuit has not yet explicitly ruled in a reported decision on the effect of the abandonment of property in a debtor's bankruptcy estate on the automatic stay on that property, the Third Circuit's unreported decision in *Fields v. Bleiman*, 267 F. App'x 144 (3d Cir. 2008), is persuasive here. In *Fields*, as here, "the bankruptcy trustee abandoned the property pursuant to 11 U.S.C. § 554." *Id.* at 146. The Third Circuit held that "[w]hen the abandonment became effective, the real property was no longer property of the bankruptcy estate." *Id.* at 146 (citing *Morlan v. Universal Guar. Life Ins. Co.,* 298 F.3d 609,

6

617 (7th Cir. 2002); *Catalano v. Comm'r of Internal Revenue,*279 F.3d 682, 685 (9th Cir. 2002)). The Third Circuit concluded, "[a]ccordingly, the automatic stay did not apply to actions affecting the . . . property." *Id.* at 146 (citing 11 U.S.C. § 362(c)(1)). *See also In re Ogilvie*, No. 15-CV-79, 2015 WL 1299740, at *1 (M.D. Pa. Mar. 23, 2015) ("The Chapter 7 Trustee, however, abandoned debtor's real property from administration prior to the Bankruptcy Court granting relief from the automatic stay. By operation of law, abandoned property is no longer property of the bankruptcy estate."); *Fields v. Bleiman*, No. 06-CV-5451, 2007 WL 980444, at *2 (D.N.J. Mar. 29, 2007), *aff'd*, 267 F. App'x 144 (3d Cir. 2008) ("The Automatic Stay provisions of 11 U.S.C. § 362(a) do not apply to property that has been abandoned pursuant to 11 U.S.C. § 554 and no longer part of the debtor's estate.") (citing *In re Boland,* 275 B.R. 675, 678 n. 5 (Bankr. D. Conn. 2002)).

Here, the automatic stay affecting the Property went into effect when Appellants filed their Chapter 7 Petition on June 30, 2016. As explained above, the Trustee abandoned the Property from the Naimos' estate, without objection from Appellants, on September 15, 2016. *See also* 9A Am. Jur. 2d *Bankruptcy* § 1355 (2007) ("Abandonment of property of the estate results in the mere release from the estate of property previously included in the estate."). The Property was thus not in the Naimos' estate at the time the Bankruptcy Court granted Appellee's motion for relief from the automatic stay on actions concerning the Property on September 27, 2016. 11 U.S.C. § 362(c)(1). Applying the reasoning of *Fields*, when the Property passed out of the Naimos' bankruptcy estate it also was removed from the coverage of the automatic stay. The *subsequent* Order of the Bankruptcy Court did no more than acknowledge the fact that the

7

Property was already outside the coverage of the automatic stay; it was without legal effect.[1] In short, Appellants' own failure to object to the Trustee's Notice of Proposed Abandonment and Certificate of No Objection, allowing the abandonment of the Property to move forward, and not the Bankruptcy Court's Order, was the cause of the automatic stay no longer applying to the Property. An order of this Court reversing the Bankruptcy Court's grant of relief from the stay would not, therefore, alter the inapplicability of the stay to the Property. *See In re Biggs*, 271 F. App'x 286, 288 (3d Cir. 2008) (because under 11 U.S.C. § 362(c)(1), "the automatic stay of acts against the property of the estate continues until the affected 'property is no longer property of the estate,'" trustee's abandonment of a lease made it "quite clear that the automatic stay . . . is no longer in effect and the appeal therefore is moot" where appellant sought "reinstatement of the Bankruptcy Court's order granting relief from the automatic stay."). Accordingly, because the September 15 abandonment of the Property in this case has "forestalled any occasion for meaningful relief" on the present appeal of the Bankruptcy Court's order granting US Bank relief from the automatic stay, the Court lacks jurisdiction over Appellants' claims, and the appeal is dismissed as moot. *Am. Bird Conservancy*, 559 F.3d at 188 (quotation omitted). Consideration of the parties' other arguments on appeal is, therefore, unnecessary.[2]

---

[1] Considering that, by action of the Notice of Abandonment and Certificate of No Objection, the Property had already passed out of the protection of the automatic stay on September 15, it would have been appropriate for the Bankruptcy Court, on September 26, to deny US Bank's motion seeking relief from the automatic stay as moot. Instead, the Bankruptcy Court, on the record, substantially observed that the issue was moot due to the abandonment, *see* App. at pgs. 358-59, but characterized its written ruling as a grant of US Bank's motion. The Bankruptcy Court's characterization of its ruling in its order, however, does not affect this Court's decision on appeal.

[2] Appellants did not file a timely reply brief in this matter. The parties submitted a joint stipulation extending Appellants' time to file their reply brief to April 24, 2017. No reply brief was filed on or before that date, nor has any reply subsequently been filed. Because the statutory and case law establishing the mootness of the present appeal is well-settled, any arguments in reply by Appellants would be futile, and no further briefing is necessary.

## IV. CONCLUSION

For the reasons stated above, Appellants' appeal is dismissed as moot. An appropriate Order shall follow.

Dated: ____8/11/2017____          ____/s/ Freda L. Wolfson____
                                      The Honorable Freda L. Wolfson
                                      United States District Judge